UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SALIENT ARMS INT LLC | CASE NO. 6:18-CV-00269 |
| VERSUS | JUDGE: TERRY DOUGHTY |
| SALIENT ARMS INTERNATIONAL, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

ANSWER TO COUNTERCLAIM

NOW COMES SALIENT ARMS INT., LLC ("Salient Louisiana"), who for answer to the counter claim of Salient Arms International, Inc. ("Salient Nevada"), Adrian Chavez and Aaron Chavez, respectfully aver that:

1.

The allegations of paragraph 1 are admitted.

2.

The allegations of paragraph 2 are admitted.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of paragraph 4 are admitted.

5.

The allegations of paragraph 5 are denied.

6.

The allegations of paragraph 6 are denied.

7.

The allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein. Further answering, defendants aver that at all times, Sherhaze Shah was expressly authorized to act on behalf of OCR Global, Inc. in this transaction.

10.

The allegations of paragraph 10 are denied.

11.

The allegations of paragraph 11 are neither admitted nor denied. The document referenced in paragraph 11 is a written instrument which is itself the best evidence of its contents.

12.

The allegations of paragraph 12 are neither admitted nor denied. The document referenced in paragraph 12 is a written instrument which is itself the best evidence of its contents.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are neither admitted nor denied. The document referenced in paragraph 14 is a written instrument which is itself the best evidence of its contents.

15.

The allegations of paragraph 15 are mere legal conclusions which do not require an answer.

16.

The allegations of paragraph 16 are mere legal conclusions which do not require an answer.

17.

The allegations of paragraph 17 are neither admitted nor denied. The document referenced in paragraph 17 is a written instrument which is itself the best evidence of its contents.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 21 are denied as written. Further answering, Salient Louisiana avers that this document was attached to and made a part of an Asset Purchase Agreement which was executed on the same day.

22.

The allegations of paragraph 22 are mere legal conclusions which do not require an answer.

23.

The allegations of paragraph 23 are mere legal conclusions which do not require an answer.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are neither admitted nor denied. The document referenced in paragraph 25 is a written instrument which is itself the best evidence of its contents.

26.

The allegations of paragraph 26 are denied as written. Further answering, Salient Louisiana avers that the contract entitled Asset Purchase Agreement, together with all exhibits, schedules and other attachments was fully executed on or about September 21, 2017.

27.

The allegations of paragraph 27 are neither admitted nor denied. The document referenced in paragraph 27 is a written instrument which is itself the best evidence of its contents.

28.

The allegations of paragraph 28 are neither admitted nor denied. The document referenced in paragraph 28 is a written instrument which is itself the best evidence of its contents.

29.

The allegations of paragraph 29 are neither admitted nor denied. The document referenced in paragraph 29 is a written instrument which is itself the best evidence of its contents.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are neither admitted nor denied. The document referenced in paragraph 34 is a written instrument which is itself the best evidence of its contents.

35.

The allegations of paragraph 35 are neither admitted nor denied. The document referenced in paragraph 35 is a written instrument which is itself the best evidence of its contents.

36.

The allegations of paragraph 36 are neither admitted nor denied. The document referenced in paragraph 36 is a written instrument which is itself the best evidence of its contents.

37.

The allegations of paragraph 37 are neither admitted nor denied. The documents referenced in paragraph 37 are both written instruments which arm themselves the best evidence of their contents.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

40.

The allegations of paragraph 40 are denied. Further answering, Salient Louisiana avers that Salient Nevada, Adrian Chavez and Aaron Chavez breached the September 21, 2017 Asset Purchase Agreement.

41.

The allegations of paragraph 41 are denied. Further answering, Salient Louisiana avers that Salient Nevada, Adrian Chavez and Aaron Chavez breached the September 21, 2017 Asset Purchase Agreement.

42.

The allegations of paragraph 42 are denied. Further answering, Salient Louisiana avers that Salient Nevada, Adrian Chavez and Aaron Chavez breached the September 21, 2017 Asset Purchase Agreement.

43.

The allegations of paragraph 43 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

44.

The allegations of paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of paragraph 45 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

46.

The allegations of paragraph 46 are neither admitted nor denied. The document referenced in paragraph 46 is a written instrument which is itself the best evidence of its contents. Further answering, Salient Louisiana avers that Jaimie Turner's email of October 9, 2017 are incorrect and unauthorized.

47.

The allegations of paragraph 47 are denied. Further answering, Salient Louisiana avers that there was never any intention of being bound by any amendments to the Asset Purchase Agreement, unless and until the Asset Purchase Agreement was amended in writing in accordance with the terms of the Asset Purchase Agreement. Salient Louisiana has always and continues to maintain that it expressly reserved all of its rights under the September 21, 2017 executed agreement. The agreement affords Salient Nevada a period of ten (10) days within which to propose any amendments to the Asset Purchase Agreement and the Consulting Agreement. In spite of the fact that Salient Nevada did not propose any amendments timely, that Salient Louisiana would, upon express reservation that the September 21, 2017 Asset Purchase Agreement was fully executed and effective, entertain Salient Nevada's requests. However, no amendment was made to the Asset Purchase Agreement. Furthermore, following the execution of the September 20, 2107 Asset Purchase Agreement defendants acknowledged, confirmed and ratified the Asset Purchase Agreement in their words and actions, and caused Salient Louisiana

to incur significant costs and expenses in reliance that the transaction was complete, legally binding and enforceable.

48.

The allegations of paragraph 48 are denied. Further answering, Salient Louisiana avers that there was never any intention of being bound by any new agreement. Salient Louisiana has always and continues to maintain that it expressly reserved all of its rights under the September 21, 2017 executed agreement. The agreement affords Salient Nevada a period of ten (10) days within which to propose changes and/or revisions to the Asset Purchase Agreement and the Consulting Agreement. In spite of the fact that Salient Nevada did not propose any amendments timely, that Salient Louisiana would, upon express reservation that the September 21, 2017 Asset Purchase Agreement was fully executed and effective, entertain Salient Nevada's requests. However, no amendment was made to the Asset Purchase Agreement. Furthermore, following the execution of the September 20, 2107 Asset Purchase Agreement defendants acknowledged, confirmed and ratified the Asset Purchase Agreement in their words and actions, and caused Salient Louisiana to incur significant costs and expenses in reliance that the transaction was complete, legally binding and enforceable.

49.

The allegations of paragraph 49 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

50.

The allegations of paragraph 50 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

51.

The allegations of paragraph 51 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

52.

The allegations of paragraph 52 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

53.

The allegations of paragraph 53 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

54.

The allegations of paragraph 54 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

55.

The allegations of paragraph 55 are mere arguments which do not require an answer. However, and to the extent required or desired, such allegations are denied.

56.

The allegations of paragraph 56 are neither admitted nor denied. The document referenced in paragraph 56 is a written instrument which is itself the best evidence of its contents.

57.

The allegations of paragraph 57 are admitted.

58.

The allegations of paragraph 58 are denied.

59.

The allegations of paragraph 59 are denied.

60.

The allegations of paragraph 60 are denied.

61.

The allegations of paragraph 61 are denied.

62.

The allegations of paragraph 62 are denied.

63.

The allegations of paragraph 63 are mere legal conclusions which do not require an answer. However, and to the extent required or desired, such allegations are denied.

## AFFIRMATIVE DEFENSES TO COUNTER CLAIM

64.

Defendants' claims are barred by estoppel.

65.

Defendants have failed to state a claim upon which relief can be granted.

66.

Defendants have prayed for money damages without alleging damages.

67.

Defendants have prayed for an award of attorney's fees which are not allowable as a matter of law.

WHEREFORE, Salient Arms Int., LLC prays that this answer be deemed good and sufficient and that after the lapse of all legal delays and due proceedings have been conducted, that the counter claim of Salient Arms International, Inc., Adrian Chavez and Aaron Chavez be dismissed with prejudice and at their costs.

RESPECTFULLY SUBMITTED BY:
NICHOLAS F. LaROCCA, JR., LTD.
(A Professional Law Corporation)

By: *s/ Nicholas F. LaRocca, Jr.*
NICHOLAS F. LaROCCA, JR. (B.R. #8045)
607 Brashear Avenue
Post Office Box 2466
Morgan City, LA  70381-2466
Telephone:  (504) 385-4800

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Nicholas F. LaRocca, Jr.*
NICHOLAS F. LAROCCA, JR.